Thomas M. BERENDS, Plaintiff-Appellant,

v.

MACK TRUCK, INC., Defendant-Respondent.

Court of Appeals

*No. 01–0911. Submitted on briefs November 5, 2001.—Decided February 20, 2002.*

2002 WI App 69

(Also reported in 643 N.W.2d 158.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Michael J. Brose* and *Brian H. Sande* of *Doar, Drill & Skow, S.C.* of New Richmond.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jeffrey S. Fertl* of *Hinshaw & Culbertson* of Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Thomas Berends appeals from a judgment dismissing his complaint for relief under Wisconsin's "Lemon Law," WIS. STAT. § 218.015.[1] The

---

[1] Wisconsin's Lemon Law was renumbered WIS. STAT. § 218.0171 effective April 19, 2000. *See* 1999 Wis. Act 31 § 287. Here, the applicable statute is WIS. STAT. § 218.015 (1997–98).

circuit court granted summary judgment in Mack Truck's favor on grounds that Berends' required notice to Mack Truck was defective because: (1) it failed to specify whether Berends wanted a new motor vehicle or a refund of the purchase price; (2) it offered Mack Truck a third option not provided by statute— repairing the vehicle within seven days; and (3) it failed to offer to transfer title to Mack Truck. We conclude that each of the first two reasons independently renders the notice deficient and, therefore, we affirm the judgment.[2]

## STATEMENT OF FACTS

¶ 2. Berends purchased a Mack Truck on May 28, 1999. According to Berends, the vehicle did not conform with the express warranty and Mack Truck's numerous attempts to repair the vehicle were unsuccessful. On October 14, Berends sent Mack Truck the notice re-

Accordingly, all statutory references are to the 1997–98 version. However, we note for the reader's benefit that the statutory language relevant to this appeal was not substantively amended in the course of renumbering and, therefore, our statutory interpretation is equally applicable to § 218.0171 (1999–2000).

[2] The third basis for the judgment was based on WIS. STAT. § 218.015(2)(c), which provides that the consumer "shall offer to the manufacturer of the motor vehicle having the nonconformity to transfer title of that motor vehicle to that manufacturer." Because we affirm the judgment on two other grounds, we decline to address whether a consumer must explicitly state an intention to transfer title, or whether such an offer can be inferred from the consumer's offer to return the vehicle. However, we note for the reader's benefit that the most prudent approach would be to explicitly offer to transfer title of the motor vehicle to the manufacturer.

quired by WIS. STAT. § 218.015(2).[3] Berends' notice stated in relevant part:

> Under the provisions of Wis. Stat. § 218.015, this is a written demand for relief as outlined in that law.
>
> In early October of 1999, Mr. Tom Berends notified his retail dealer that his Mack truck . . . was a "lemon" according to the Wisconsin Lemon Law. . . . Since he bought the truck:
>
> It has been returned to the dealer in Eau Claire, and at one other authorized shop in Las Vegas, NV, for the same problem a total of, at least, seven times. Additionally, it has been out of service a total number of days in excess of 30 calendar days.
>
> At this time, Mr. Berends is still having the same warranty problems with his vehicle. These defects have substantially impaired the use, safety and market value of his vehicle. Mr. Berends, therefore, demands that you either repair these defects within seven business days, accept the return of his vehicle and within 30 days of the return, provide him with a vehicle acceptable to him, or provide him with a refund calculated within accordance of the Lemon Law.
>
> Failure to comply with the Lemon Law is a violation of Wis. Stat. § 218.015 and you may be subject to double damages, as well as attorneys fees and court costs if this matter is taken to court.

¶ 3. On November 26, Berends filed a complaint alleging that Mack Truck violated WIS. STAT. § 218.015 by failing to accept return of Berends' vehicle and replace it with a comparable new motor vehicle. Ber-

---

[3] WISCONSIN STAT. § 218.015(2) does not provide the actual form or require the use of specific language in the notice. Rather, the statute indicates the information that the consumer must communicate to the manufacturer.

ends sought damages allowed under the Lemon Law, including the full purchase price, double damages and attorney fees.

¶ 4. Mack Truck denied the allegations and also alleged as an affirmative defense that Berends' notice was defective because:' (1) it failed to specify whether a refund or vehicle replacement was requested; and (2) it failed to indicate Berends' willingness to transfer title to Mack Truck.

¶ 5. After the parties exchanged discovery materials, Mack Truck moved for summary judgment on grounds that the October 14, 1999, notice failed to meet the requirements of WIS. STAT. § 218.015(2)(b) and (c). The parties agreed that there were no disputed facts with respect to the October 14 letter. The circuit court concluded that the letter failed to satisfy the requirements of § 218.015(2)(b) and (c). The court granted judgment in Mack Truck's favor and dismissed Berends' claim without prejudice.[4] This appeal followed.

## STANDARD OF REVIEW

¶ 6. We review a motion for summary judgment using the same methodology as the trial court. *M & I First Nat'l Bank v. Episcopal Homes Mgmt., Inc.*, 195 Wis. 2d 485, 496, 536 N.W.2d 175 (Ct. App. 1995). That methodology is well known, and we will not repeat it here except to observe that summary judgment is

---

[4] The circuit court specifically indicated that it was dismissing the case without prejudice because it believed Berends could file another notice asking Mack Truck to replace the vehicle. Because the parties have not asked us to consider whether any future notices would be time-barred, we decline to address whether Berends can successfully file another notice under WIS. STAT. § 218.015(2).

377

appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* at 496–97.

¶ 7. Here, the relevant facts are undisputed. At issue is whether Berends' October 14 letter satisfied the notice requirements of WIS. STAT. § 218.015(2). Statutory construction presents a question of law that we review de novo. *State ex rel. Frederick v. McCaughtry*, 173 Wis. 2d 222, 225, 496 N.W.2d 177 (Ct. App. 1992). When we interpret a statute, our purpose is to ascertain the intent of the legislature and give it effect. *Id.* Our first step is to examine the language of the statute, and, absent ambiguity, give the language its ordinary meaning. *Id.* at 225–26. If the language is ambiguous, we examine the scope, history, context, subject matter and purpose of the statute in order to determine the legislative intent. *Id.* at 226. Statutory language is ambiguous if reasonable people could disagree as to its meaning. *Id.*

### DISCUSSION

¶ 8. WISCONSIN STAT. § 218.015, the Lemon Law, is a "remedial statute designed to rectify the problem a new car buyer has when that new vehicle is a 'lemon.' " *Church v. Chrysler Corp.*, 221 Wis. 2d 460, 466, 585 N.W.2d 685 (Ct. App. 1998). The law provides that if a new motor vehicle does not conform to an express warranty and the consumer reports the nonconformity and makes the vehicle available for repair before the expiration of the warranty or one year after delivery of the vehicle, the nonconformity shall be repaired. WIS. STAT. § 218.015(2)(a). If the nonconformity is not re

paired, the consumer's remedies pursuant to § 218.015(2) are as follows:

> (b) 1. If after a reasonable attempt to repair the nonconformity is not repaired, the manufacturer shall carry out the requirement under subd. 2. or 3., whichever is appropriate.
>
> 2. At the direction of a consumer described under sub. (1)(b) 1., 2. or 3., do one of the following:
>
> a. Accept return of the motor vehicle and replace the motor vehicle with a comparable new motor vehicle and refund any collateral costs.
>
> b. Accept return of the motor vehicle and refund to the consumer and to any holder of a perfected security interest in the consumer's motor vehicle, as their interest may appear, the full purchase price plus any sales tax, finance charge, amount paid by the consumer at the point of sale and collateral costs, less a reasonable allowance for use . . . .
>
> . . . .[5]
>
> (c) To receive a comparable new motor vehicle or a refund due under par. (b) 1. or 2., a consumer described under sub. (1)(b) 1., 2. or 3. shall offer to the manufacturer of the motor vehicle having the nonconformity to transfer title of that motor vehicle to that manufacturer. No later than 30 days after that offer, the manufacturer shall provide the consumer with the comparable new motor vehicle or refund.

¶ 9. If the manufacturer fails to provide the consumer's specified remedy, the consumer may bring an action to recover damages caused by a violation of Wis. Stat. § 218.015. *See* Wis. Stat. § 218.015(7). In other words, it is the manufacturer's failure to comply

---

[5] Wisconsin Stat. § 218.015(2)(b)(3) applies to leased vehicles and is inapplicable here.

with a proper notice that gives rise to a violation of the statute and triggers the consumer's right to remedies under § 218.015(7). *See Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 981, 542 N.W.2d 148 (1996). If the consumer prevails, the court shall award "twice the amount of any pecuniary loss, together with costs, disbursements and reasonable attorney fees, and any equitable relief the court determines appropriate." WIS. STAT. § 218.015(7).

¶ 10. Berends' action is premised on his allegation that Mack Truck failed to accept return of his vehicle and provide him with a comparable new motor vehicle.[6] Mack Truck argues that because Berends' notice was defective, there was no violation of WIS. STAT. § 218.015. We agree.

### A. Consumers are required to specify the remedy selected

¶ 11. The circuit court concluded that WIS. STAT. § 218.015(2)(b) requires the consumer to specify the remedy selected. The statute provides, "At the direction of a consumer," the manufacturer must accept return of the motor vehicle and then replace the motor vehicle with a comparable new motor vehicle or refund the purchase price. *Id.* We agree with the circuit court that the phrase, "At the direction of a consumer" is unam-

---

[6] As Mack Truck notes in its brief, Berends' complaint alleges that on October 14, 1999, Berends "offered to return the motor vehicle . . . in exchange for a comparable new vehicle." This allegation ignores the fact that Berends' letter proposed three alternative solutions: vehicle replacement, refund of the purchase price, or repair. At the circuit court hearing and on appeal, Berends acknowledges that his letter proposed three solutions.

biguous. It requires the consumer to make a choice and communicate that choice to the manufacturer. Because Berends failed to specify whether he wanted a new vehicle or a refund of the purchase price, his notice was defective.

¶ 12. Berends argues that there is no statutory prohibition against a consumer asking for either a replacement vehicle or, alternatively, a refund. He explains, "If the consumer has no preference as to either of the two forms of relief, a consumer should be allowed to present both options to the manufacturer." Moreover, he contends, allowing a consumer to accept either remedy provides a wider range of options and makes resolution more likely.

¶ 13. We reject this argument because giving the manufacturer the choice of remedies is clearly contrary to the language of the statute. WISCONSIN STAT. § 218.015(2)(b) unambiguously provides that the manufacturer "shall carry out the requirement" that "At the direction of a consumer . . . [the manufacturer] do *one* of the following . . . ." (Emphasis added.) The manufacturer is given no choice under the statute, and Berends cannot interpret the statute in such a way as to give the manufacturer that choice. As the circuit court observed, the Lemon Law gives the consumer a powerful tool, but it also imposes on the consumer the responsibility of electing a specific remedy. If Berends believes the consumer should be able to pass that choice on to the manufacturer, his remedy lies with the legislature, not the courts.

## B. Offering the manufacturer another opportunity to repair the vehicle is inconsistent with a demand under Wɪs. Sᴛᴀᴛ. § 218.015(2)

¶ 14. The circuit court also concluded that Berends' suggestion that he would be satisfied if Mack Truck repaired the vehicle within seven days was inconsistent with giving the manufacturer notice under Wɪs. Sᴛᴀᴛ. § 218.015(2). We agree. Notification under Wɪs. Sᴛᴀᴛ. § 218.015(2) informs the manufacturer that it must provide the consumer with the consumer's selected remedy—a new vehicle or refund of the purchase price—within thirty days. The manufacturer's failure to provide this remedy triggers liability under the Lemon Law. *See* Wɪs. Sᴛᴀᴛ. §§ 218.015(2)(c) and 218.015(7). By providing Mack Truck a third option, Berends failed to follow the unambiguous language of § 218.015(2)(b), rendering his notice defective.

¶ 15. Berends argues that there is nothing in the statute that prohibits a consumer from suggesting an alternative means of compromise in a notice letter. We disagree. For purposes of triggering the thirty-day time limit established by Wɪs. Sᴛᴀᴛ. § 218.015(2)(c), the consumer must either demand that the manufacturer provide a new vehicle or demand that the manufacturer refund the purchase price.[7]

---

[7] We do not mean to suggest that parties cannot propose alternative settlements prior to giving notice under Wɪs. Sᴛᴀᴛ. § 218.015(2), or after litigation has commenced. However, for purposes of providing the statutory notice that triggers liability under Wɪs. Sᴛᴀᴛ. § 218.015(2), the consumer must carefully follow the statutory requirements.

## C. The Department of Transportation's form is not controlling

¶ 16. Berends argues that his notice is not defective because it conformed with a form letter distributed by the Department of Transportation (DOT) to consumers seeking assistance with Lemon Law claims. The recommended language of the letter includes the following statement: "I, therefore, demand that you either repair these defects within 7 business days or that you accept the return of my car and within thirty (30) days of the return provide me with a vehicle acceptable to me or a refund calculated in accordance with the Lemon Law." The obvious problem with this language, as we conclude in this opinion, is that it fails to specify which remedy the consumer is electing and proposes a third remedy.

¶ 17. Although we sympathize with any consumer who unknowingly used a DOT form with language contrary to the statutory requirements, that is not a basis to conclude that proper notice has been provided.[8]

---

[8] We also note that Wisconsin lawyers were informed about the inconsistency between the statute and the DOT form in a June 1996 article that appeared in Wisconsin Lawyer magazine. *See* Edward Gruntzner, *"Practical Tips to Squeeze Those Sour Lemons,"* 69 Wisconsin Lawyer 27 (June 1996). The article states,

> The Division of Motor Vehicles provides two sample form letters for consumer use in making lemon law claims, but neither accurately represents the legal requirements. Form A gives the manufacturer the option to replace the vehicle or refund the purchase price. The lemon law provides, however, that the option is the consumer's. The attorney should specify which option the consumer demands: replacement or refund. Form A also demands repair of the defects within seven days of receipt of the letter. The

Berends recognizes that the DOT has no legal authority to promulgate mandatory forms or to divine the legislature's intent by interpreting the statute. Nonetheless, he argues, "[A] consumer ought not be penalized for using a DOT-suggested form when that form does not directly conflict with the provisions of the lemon law statute." However, Berends offers no authority for this proposition, and we are not aware of any authority that would allow us to conclude that Berends' notice is adequate on grounds that it conforms with a DOT form.

¶ 18. We note for the reader's benefit that it appears the DOT has amended its form.[9] The form currently available on the DOT's website requires the consumer to check a single box specifying a request for a new vehicle or return of the purchase price. The form does not propose repair as a third solution. The form also explicitly states, "I offer to return my vehicle and transfer title after the manufacturer meets my demand for Lemon Law relief."

### D. Mack Truck's failure to seek clarification of the notice does not render Berends' notice sufficient

¶ 19. Berends argues that even if his notice was deficient, Mack Truck's failure to respond to the notice within thirty days, if only to clarify Berends' intent,

statute does not require that the manufacturer be given an additional seven days to attempt repair.

[9] Berends asserts that it is unclear if the DOT currently offers multiple forms or if it distributes to consumers only the form now available on its website. Resolution of this factual dispute is irrelevant to our decision because the status of the form does not affect our conclusions.

produces a result contrary to the intent of the Lemon Law. He explains, "If Mack Truck truly were confused by Berends' letter and it needed some explanation as to what he was proposing, Mack Truck could have so stated in a letter or a telephone call prior to the expiration of the 30–day period." Even if this is true, it does not negate Berends' duties as a consumer under the Lemon Law.

¶ 20. Our reasoning is supported by *Church*. The consumer in *Church* filed a valid notice under WIS. STAT. § 218.015(2), offering to transfer title of the vehicle to the manufacturer in return for a refund of the full purchase price. *Church*, 221 Wis. 2d at 464. The manufacturer responded that it would agree to repurchase the vehicle and set forth a detailed computation of its proposed refund. *Id.* However, the parties could not agree on the correct amount of the refund and continued to correspond about the proper amount due. *Id.*

¶ 21. Thirty-three days after filing her notice, the consumer filed suit against the manufacturer. Nearly two weeks later, the manufacturer gave the consumer a check for the still-disputed purchase price. *Id.* In response to the suit, the manufacturer argued that although it paid the consumer more than thirty days after the consumer gave its statutory notice, it was not liable under the Lemon Law because the process of negotiating the appropriate amount of the purchase price restarted the thirty-day time limit found in WIS. STAT. § 218.015(2)(c). *Church*, 221 Wis. 2d at 468.

¶ 22. We rejected the manufacturer's argument, holding that the burden remains on the manufacturer to comply with the thirty-day requirement regardless of whether items or amounts are in dispute, because "[t]o

hold otherwise would undo the purpose of the statute." *Id.* at 469. Accordingly, we stated, when the parties cannot agree on the correct amount of the refund, the Lemon Law gives the manufacturer two options: (1) pay the amount demanded by the purchaser within the thirty-day period; or (2) pay the amount which the manufacturer deems appropriate within the thirty-day period. *Id.* If the fact-finder ultimately concludes that the manufacturer paid too little, then the manufacturer suffers the penalties imposed by WIS. STAT. § 218.015(7), including double damages and attorney fees. *Id.*

¶ 23. In *Church*, we recognized that "the rigidity of the thirty-day requirement places the manufacturer in a difficult position with attendant risk." *Id.* However, we continued, "If its requirements prove to be too rigid and its results unreasonably harsh, it is a problem for the legislature, not this court, to resolve." *Id.* at 470. The same reasoning applies here. Given the significant penalties facing a manufacturer that fails to provide a remedy within thirty days in response to a proper notice, it is only fair to require consumers to follow the unambiguous requirements of WIS. STAT. § 218.015(2) so that there is no question that a manufacturer must respond or face the consequences.

### CONCLUSION

¶ 24. We agree with the circuit court's conclusion that Berends' notice to Mack Truck was deficient on two independent grounds: (1) it failed to specify whether he wanted a new vehicle or a return of the purchase price; and (2) it offered a third solution not contemplated by WIS. STAT. § 218.015(2)(b). Accordingly, we affirm the summary judgment in Mack Truck's favor.

*By the Court.*—Judgment affirmed.