Adele R. GARCIA, Plaintiff-Appellant-Cross-Respondent-Petitioner,

v.

MAZDA MOTOR OF AMERICA, INC., a foreign corporation, and Hall Imports, Inc., a Wisconsin corporation, Defendants-Respondents-Cross-Appellants.

Supreme Court

*No. 02–2260. Oral argument April 6, 2004.—Decided July 1, 2004.*

2004 WI 93

(Also reported in 682 N.W.2d 365.)

For the plaintiff-appellant-cross-respondent-petitioner there were briefs by *William S. Pocan, Vincent P. Megna, Susan M. Grzeskowiak* and *Jastroch & Labarge, S.C.,* Waukesha, and oral argument by *William S. Pocan.*

For the defendants-respondents-cross-appellants there were briefs by *Jeffrey S. Fertl, Jeffrey D. Patza* and *Hinshaw & Culbertson,* Milwaukee, and oral argument by *Jeffrey S. Fertl.*

An amicus curiae brief was filed by *Stephen E. Meili, Marsha M. Mansfield,* and *Nelle R. Rohlich,* Madison, on behalf of the Consumer Law Litigation Clinic.

An amicus curiae brief was filed by *James E. Thiel, John J. Sobotik, Paul E. Nilsen,* Madison, on behalf of State of Wisconsin.

¶ 1. DAVID T. PROSSER, J.   This is a review of a published decision of the court of appeals, *Garcia v. Mazda Motor of America, Inc.,* 2003 WI App 208, 267 Wis. 2d 622, 671 N.W.2d 317, affirming the circuit court's order granting summary judgment to Mazda Motor, Inc. and Hall Imports, Inc. (Mazda).[1] The case commenced when petitioner, Adele Garcia (Garcia), sued Mazda alleging that Mazda had failed to comply with Wisconsin's "Lemon Law," Wis. Stat. § 218.0171 (2001–02),[2] a remedial statute enacted to protect buyers of new vehicles if they experience certain types of problems with their purchases. Consumers requesting relief under the Wisconsin Lemon Law must fulfill two requirements: they must elect a remedy by demanding either a replacement vehicle or a refund, and they must offer to transfer title to the vehicle back to the manufacturer. *See* Wis. Stat. § 218.0171(2)-(3). Dissatisfied with a Mazda vehicle she had purchased, Garcia elected

---

[1] For simplicity, we refer to respondents collectively as "Mazda." However, we recognize that Hall Imports, Inc. remains in the case as co-respondent.

[2] All references to the Wisconsin Statutes are to the 2001–02 edition unless otherwise indicated.

a remedy by demanding a replacement vehicle, but she did not explicitly offer to transfer title to Mazda.

¶ 2. After Garcia filed this action, Mazda moved for summary judgment, alleging that Garcia had failed to offer to transfer title to the vehicle, and thus had not complied with the provisions of the Wisconsin Lemon Law. Both the trial court and the court of appeals found Garcia's failure to explicitly offer to transfer title to be fatal to her cause.

¶ 3. We accepted Garcia's petition for review to determine whether Garcia's demand for a replacement vehicle under the Wisconsin Lemon Law complied with the notice requirements of Wis. Stat. § 218.0171(2)(c) by providing notice of Garcia's intent to transfer title to her vehicle to Mazda. Because we conclude that a consumer's demand for a replacement vehicle under the Wisconsin Lemon Law necessarily implies an offer to transfer title, we reverse the court of appeals and remand this case for further proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

¶ 4. Garcia presented the following facts.[3] Garcia purchased a new 2001 Mazda Tribute in February of 2001. Almost immediately, she experienced problems with the vehicle's transmission. These transmission problems were covered by the vehicle's new car warranty. On several occasions, Garcia presented the ve-

_____
[3] As this case is before us on Mazda's motion for summary judgment, we must interpret the facts, and draw all reasonable inferences from the facts in favor of Garcia, the nonmoving party. *Strozinsky v. Sch. Dist. of Brown Deer,* 2000 WI 97, ¶ 7 n.3, 237 Wis. 2d 19, 614 N.W.2d 443 (citing *Grams v. Boss,* 97 Wis. 2d 332, 338–39, 294 N.W.2d 473 (1980)).

hicle at an authorized Mazda dealer for service, but Mazda's technicians never succeeded in repairing the vehicle to Garcia's satisfaction. Garcia also claimed that the vehicle had been completely out of service for a number of days. The parties exchanged letters and phone calls. Eventually, in September 2001 Garcia became fed up with the transmission problems and wrote Mazda a letter demanding relief under the Wisconsin Lemon Law. Garcia's letter contained the following statements:

> It is my understanding that the Lemon Law in the State of Wisconsin is that after a reasonable number of unsuccessful repair attempts by Mazda or its authorized dealers, or that the vehicle has been out of service a specific number of days, that I'm entitled to either a comparable replacement vehicle or a refund of the purchase price. At this time the automobile has been out of service for a period of 16 days and I would like to have a replacement.

¶ 5. Mazda and Garcia exchanged several additional rounds of correspondence. Mazda attempted to negotiate a settlement with Garcia, offering her reimbursements of car payments and an extended warranty, but Garcia refused these overtures. In October 2001 Mazda informed Garcia that it could not locate a replacement vehicle and that she should select a new vehicle. While selecting the vehicle, Garcia claims a dispute arose regarding payment of fees and taxes.[4]

---

[4] Mazda, on the other hand, asserts that the parties reached a settlement agreement in late October 2001. However, as already noted, at this stage of the case we must construe all facts against the party moving for summary judgment.

617

## II. PROCEDURAL HISTORY

¶ 6. Garcia filed this action on November 21, 2001, alleging that Mazda had violated the provisions of the Wisconsin Lemon Law. On May 15, 2002, Mazda moved for summary judgment on grounds that Garcia's letter was insufficient to establish her claim under the Wisconsin Lemon Law because she did not offer to transfer title to the vehicle. The Waukesha County Circuit Court, Lee S. Dreyfus, Jr., Judge, granted Mazda's motion because it agreed that Garcia's notice was deficient. A divided court of appeals affirmed. As the majority opinion put it: "We see no ambiguity in the first two sentences of Wis. Stat. § 218.0171(2)(c): the consumer must offer to the manufacturer to transfer title to the . . . vehicle . . . . Garcia's reading—that the request for a replacement vehicle is implicitly an offer to transfer title that triggers [the statute]—is not a reasonable reading of the statutory language." *Garcia,* 267 Wis. 2d 622, ¶ 11. One judge dissented, finding it "nonsensical for the owner of a 'lemon' to demand a replacement and not, at the same time, be offering to transfer title." *Id.,* ¶ 21 (Lundsten, J., dissenting).

## III. WISCONSIN'S LEMON LAW

¶ 7. The issue in this case, whether Garcia's written demand for a replacement vehicle under the Wisconsin Lemon Law complied with the notice requirements of Wis. Stat. § 218.0171(2)(c), presents us with a question of statutory interpretation. Statutory interpretation and the application of a statute to specific facts are questions of law that we review de novo. *In re Commitment of Franklin,* 2004 WI 38, ¶ 5, 270 Wis. 2d 271, 677 N.W.2d 276.

¶ 8.  We begin the process of statutory interpretation by analyzing the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane County,*, 2004 WI 58, ¶¶ 44–45, 271 Wis. 2d 633, 681 N.W.2d 110. As we have repeatedly stated, we construe remedial, consumer protection statutes like the Wisconsin Lemon Law "with a view towards the social problem which the legislature was addressing when enacting the law." *Dieter v. Chrysler Corp.*, 2000 WI 45, ¶ 19, 234 Wis. 2d 670, 610 N.W.2d 832 (citing *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 982, 542 N.W.2d 148 (1996)). Put another way, we will liberally construe remedial statutes to suppress the mischief and advance the remedy that the legislature intended to afford. *Hughes*, 197 Wis. 2d at 979 (citing *Madison v. Hyland, Hall & Co.*, 73 Wis. 2d 364, 373, 243 N.W.2d 422 (1976)).

¶ 9.  Wisconsin's Lemon Law, Wis. Stat. § 218.0171, became effective on November 3, 1983. Like similar laws nationwide, the statute was enacted to protect purchasers of new vehicles that turn out to be defective (colloquially known as "lemons"). *See, e.g., Hughes*, 197 Wis. 2d at 978–80. Wisconsin's Lemon Law provides a remedy to the purchaser of a new vehicle if the purchaser, within one year of the purchase date, experiences problems with the vehicle that (1) are covered by the vehicle's warranty; and (2a) are severe enough to keep the vehicle out of service for a total of 30 days; or (2b) the manufacturer or the manufacturer's authorized representative are unsuccessful in repairing after four attempts. Wis. Stat. § 218.0171(1)(h) and 218.0171(2)(a).

¶ 10.  Although the Wisconsin Lemon Law is clearly a consumer protection statute, it does not ab-

solve the consumer from responsibility. *See Smyser v. W. Star Trucks Corp.*, 2001 WI App 180, ¶¶ 13–14, 247 Wis. 2d 281, 634 N.W.2d 134. Wisconsin Stat. § 218.0171 reads in part: "To receive a comparable new motor vehicle or a refund due under [the Wisconsin Lemon Law], a consumer . . . *shall* offer to the manufacturer of the motor vehicle having the nonconformity to transfer title of that motor vehicle to that manufacturer." Wis. Stat. § 218.0171(2)(c). In another section, the Wisconsin Lemon Law requires a consumer to notify the manufacturer of the consumer's elected remedy (the consumer may choose a replacement vehicle or a refund). Wis. Stat. § 218.0171 (2)(b); *see also Berends v. Mack Truck, Inc.*, 2002 WI App 69, ¶ 11, 252 Wis. 2d 371, 643 N.W.2d 158.

¶ 11. This is not the first time that we have been called upon to interpret Wis. Stat. § 218.0171. In *Hughes*, we had to determine whether consumers could recover the purchase price of the car as "pecuniary damages" under the Wisconsin Lemon Law. Because the statutory language did not directly address that question, we began by reviewing the history of lemon laws in general and Wisconsin's Lemon Law in particular. *Hughes*, 197 Wis. 2d at 980–82. Adhering to our rule of liberal interpretation of consumer protection statutes, we determined that the purchase price of the car did qualify as pecuniary damages.

¶ 12. In *Dieter*, decided four years after *Hughes*, we faced the question of whether consumers who are aware of defects in a vehicle upon delivery may still sue the manufacturer under the Wisconsin Lemon Law. We held that they could, overruling a court of appeals decision to the contrary, because the statute contained

no "hidden" defect provision and expressly disallowed waiver by the consumer. *Dieter,* 234 Wis. 2d 670, ¶¶ 21–22.

¶ 13. Today, we need not revisit the historical discourse of *Hughes* because the plain language of the Wisconsin Lemon Law appears to settle the issue. Mazda based its motion for summary judgment upon Wis. Stat. § 218.0171(2)(c), relying on *Berends* for the proposition that a manufacturer has no obligation to act until the consumer has given it proper notice (consisting of election of remedy and offer to transfer title) under the Wisconsin Lemon Law. Mazda admits that Garcia elected a remedy but disputes whether she offered to transfer title. Both the circuit court and the court of appeals agreed with Mazda. Both courts found the statutory language to be dispositive, and found that Garcia had not complied with the statute. Accordingly, those two courts found that Garcia did not qualify for relief under the Wisconsin Lemon Law.

■

¶ 14. We have no doubt that a consumer must offer to transfer title to her vehicle to qualify for relief under the Wisconsin Lemon Law. But that is not the end of our inquiry. Rather, the question we attempt to answer is: What form must that offer take? The definitions section of the Wisconsin Lemon Law does not define "offer to transfer title." The language of the rest of the Wisconsin Lemon Law provides no further guidance as to the required form of the consumer's offer to transfer title. As we have repeatedly held, if a word is not defined in a statute, we look next to recognized dictionary definitions to determine the common and ordinary meaning of a word. *See, e.g., State v. Polashek,,* 2002 WI 74, ¶ 19, 253 Wis. 2d 527, 646 N.W.2d 330 (using dictionary to discern meaning of statutory text);

*Smith v. Katz,* 218 Wis. 2d 442, 451 n.4, 578 N.W.2d 202 (1998) (using dictionary to discern meaning of words in insurance policy); *State v. Mauthe,* 123 Wis. 2d 288, 300, 366 N.W.2d 871 (1985) (using dictionary to discern meaning of words in general).

■

¶ 15. In this case, though, we do not analyze the words of the statute itself, but rather the words of Garcia's demand, to determine whether that demand implies an offer to transfer title and therefore conforms to the statute. Garcia demanded a "replacement" vehicle from Mazda. The dictionary definition of "replacement" is "the act or process of replacing or of being replaced; substitution." *The American Heritage Dictionary of the English Language* 1531 (3d ed. 1992). In turn, the ordinary definition of "substitute" is "one that takes the place of another." *Id.* at 1792. Applying these dictionary definitions to this case, we believe that Garcia's demand for a replacement implied that she wanted "one (vehicle) that takes the place of another (vehicle)"—i.e., a new vehicle to take the place of the one she originally bought. Although Mazda attempts to convince us that a demand for a replacement does not equate to an offer to transfer title, we do not see how it can seriously be argued that Garcia intended to retain both vehicles or turn over the vehicle without the title.[5] We agree with

---

[5] Wisconsin Stat. § 218.0171(2)(c) reads in part: "When the manufacturer provides the new motor vehicle . . . the consumer *shall* return the motor vehicle having the nonconformity to the manufacturer and *provide the manufacturer with the certificate of title and all endorsements necessary to transfer title to the manufacturer.*" (Emphasis added). We think it is unlikely that the manufacturer would permit the consumer to drive off with a replacement vehicle and new title until the consumer has complied with these requirements.

the dissenting judge in the court of appeals that it would be "nonsensical" for a consumer to demand a replacement without offering to transfer title to the original vehicle. One enduring principle of statutory interpretation is that statutes are to be interpreted reasonably to give effect to the textually manifest statutory purpose. *Kalal,* 2004 WI 58, ¶¶ 44, 46, 49. A literalistic interpretation of the Wisconsin Lemon Law on these facts would not be consistent with the statute's remedial purpose. *See Dieter,* 234 Wis. 2d 670, ¶ 19; *Hughes,* 197 Wis. 2d at 982.

¶ 16. Garcia's letter asking for a replacement vehicle also linked her demand to the Wisconsin Lemon Law. Garcia referenced the "Lemon Law in the State of Wisconsin" after detailing her problems with the vehicle (in a different paragraph), and she described the conditions for invoking the law and her options under the law. No reasonable person could confuse the letter as something other than an attempt to invoke and comply with the law.

¶ 17. Mazda's heavy reliance on the court of appeals decision in *Berends* is misplaced. Mazda, citing *Berends,* first argues that a manufacturer has no duty to seek clarification of a consumer's notice invoking the Wisconsin Lemon Law. *Berends,* 252 Wis. 2d 371, ¶¶ 19–23. We do not disturb that holding of the court of appeals. However, we disagree with Mazda that this aspect of *Berends* bears on the issue we face today. A manufacturer remains free to decide whether to seek clarification of a consumer's notice invoking the Wisconsin Lemon Law, but a manufacturer who does not seek clarification of a valid notice, believing it invalid, runs the risk of noncompliance with the statute.

623

¶ 18. Next, Mazda directs us to a footnote in *Berends* in which the court of appeals, although not basing its holding on the issue, stated that a consumer's "most prudent approach would be to explicitly offer to transfer title of the motor vehicle to the manufacturer." *Berends,* 252 Wis. 2d 371, ¶ 1 n.2. We cannot disagree. However, we are also cognizant that consumers do not carry statute books under their arms. An explicit offer to transfer title is surely the best path for a dissatisfied consumer to follow when invoking the protections of the Wisconsin Lemon Law; but for the reasons already stated we believe that Garcia's demand for a replacement vehicle adequately implied an offer to transfer title. The statute does not require the consumer to use any "magic words."

¶ 19. Finally, Mazda warns us that manufacturers would be forced to "speculate" as to whether a particular consumer's notice "implies" an offer to transfer title. We do not share Mazda's concern. We are satisfied that when a consumer demands a replacement vehicle under the Wisconsin Lemon Law, the consumer impliedly offers to transfer title to the old vehicle, and we so hold in this case. Garcia's demand for a replacement satisfies the Wisconsin Lemon Law's requirement of an offer to transfer title.

## IV. CONCLUSION

¶ 20. Our holding today resolves the issue we accepted for review, but other factual issues remain for trial. We do not address the issues of whether the

624

parties reached a settlement,[6] whether Garcia's vehicle actually was a lemon, or whether Mazda complied with the provisions of the Wisconsin Lemon Law. These are factual issues properly before the circuit court. Accordingly, we remand the case to the circuit court for determination of these factual issues.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded to the circuit court.

---

[6] Garcia filed a motion to strike Mazda's reply brief because it raised an issue—whether the parties had reached an enforceable settlement agreement—that it believed was not properly presented to the court. Because we are remanding this matter to the circuit court for further proceedings, we deny Garcia's motion to strike.