COURT OF APPEALS
DECISION
DATED AND FILED

January 14, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.        **2024AP1594**

STATE OF WISCONSIN

Cir. Ct. No. 2022TP38

IN COURT OF APPEALS
DISTRICT III

---

IN RE THE TERMINATION OF PARENTAL RIGHTS TO P.M.P.,
A PERSON UNDER THE AGE OF 18:

OUTAGAMIE COUNTY DEPARTMENT OF HUMAN SERVICES,

    PETITIONER-RESPONDENT,

  V.

S. B.,

    RESPONDENT-APPELLANT.

---

APPEAL from an order of the circuit court for Outagamie County:
EMILY I. LONERGAN, Judge. *Reversed*.

¶1     GILL, J.[1]   Susan[2] appeals an order terminating her parental rights to her daughter, Polly.  Susan argues that the circuit court erred by deciding that it could not terminate an injunction suspending her visitation rights to Polly before the completion of the termination of parental rights (TPR) proceedings.  We agree. WISCONSIN STAT. § 48.42(1m) does not prohibit a circuit court from reconsidering and vacating an injunction issued under that statute prior to the completion of the TPR proceedings.  Accordingly, we reverse.

## BACKGROUND

¶2     In November 2017, Polly was removed from Susan's care due to Susan's drug addiction and her use of drugs in Polly's presence.  In 2018, Susan was convicted of multiple charges and sentenced to seven years in prison.  While incarcerated, Susan continued to have monthly in-person visits and weekly Zoom visits with Polly.  In August 2022, when Susan remained incarcerated and Polly had not been returned to her care, Outagamie County filed a petition to have Susan's parental rights terminated.  The petition alleged that Susan failed to assume parental responsibility, pursuant to WIS. STAT. § 48.415(6).

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

[2]  For ease of reading, we refer to the appellant in this confidential matter using a pseudonym, rather than her initials.  We do the same for any of Susan's family members mentioned in this opinion.

Cases appealed under WIS. STAT. RULE 809.107 are "given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply."  RULE 809.107(6)(e).  Conflicts in this court's calendar have resulted in a delay.  It is therefore necessary for this court to sua sponte extend the deadline for a decision in this case. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995).  Accordingly, we extend our deadline to the date this decision is issued.

2

¶3 At the same time that the County filed the TPR petition, the County also petitioned the circuit court for an injunction prohibiting contact between Susan and Polly. The injunction petition alleged that Susan had "inappropriate conversations" with Polly and that the conversations were negatively impacting Polly's "emotional stability and well-being." Specifically, the injunction petition alleged that these "inappropriate conversations" included: (1) "[p]romises to [Polly] about things that will occur when [Susan] is released from prison"; (2) "[c]onversations with [Polly] about [Susan's] involvement with unsafe individuals"; (3) "[c]onversations with [Polly] about [Susan's] disagreements with the placement providers"; (4) "[i]nappropriate demonstrations of anger … to the extent that" Polly had to calm Susan down and tell Susan "she shouldn't be so angry so much"; and (5) "[d]iscussion of court proceedings," including telling Polly that if she continued to live at her current placement, then Susan would not be her mother anymore. The injunction petition further alleged that the "inappropriate conversations" had been increasing in frequency over the course of the past year, despite the County's attempts to explain to Susan why the conversations were inappropriate.

¶4 In August 2022, the circuit court entered a temporary order prohibiting contact between Susan and Polly. Pursuant to WIS. STAT. § 48.42(1m)(b), the court then held a hearing on the injunction petition, during which Polly's social worker, Chelsea Tessner, and Susan testified. Tessner testified about her concerns regarding the "inappropriate conversations" between Susan and Polly, as summarized above. Susan testified that she regretted one of the instances in which she "got emotional" in front of Polly and also explained that she views herself as Polly's co-parent with Polly's foster parents.

¶5      Thereafter, the circuit court found that it was in Polly's best interest to prohibit contact between Polly and Susan, and it granted the injunction pursuant to WIS. STAT. § 48.42(1m)(c).  The injunction order suspended in-person and Zoom visitation between Polly and Susan, but it permitted Susan to send letters to Polly.[3]  The order further stated that "counsel for [Susan] may request a review of this injunction after reviewing the discovery in this matter."

¶6      In February 2023, Susan filed a "motion to reconsider [the] injunction."[4]  In March 2023, the circuit court held a hearing on the motion, during which Susan argued that she was capable of listening to the County's feedback and concerns regarding her conversations with Polly and changing her behavior.  The court reviewed WIS. STAT. § 48.42(1m)(c),[5] noted that the statute

---

[3] The injunction required that any letters Susan wrote to Polly be mailed to the County for "screening."

[4] Susan's motion denominated itself as a "motion to reconsider" the injunction. However, Susan's motion is more accurately characterized as a motion for relief from an order. *See generally* WIS. STAT. § 806.07.

"To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." ***Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.***, 2004 WI App 129, ¶44, 275 Wis. 2d 397, 685 N.W.2d 853.  "A 'manifest error' is not demonstrated by the disappointment of the losing party.  It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" ***Id.*** (citations omitted).

Here, Susan did not allege that the circuit court made a manifest error of law or fact, nor did she present newly discovered evidence.  Rather, Susan attempted to present the court with evidence regarding the actions she had taken since the injunction was issued.  Accordingly, going forward in this opinion we refer to Susan's "motion to reconsider" simply as "the motion."

[5] WISCONSIN STAT. § 48.42(1m)(c) provides:

(continued)

4

"contemplates" terminating the injunction after the court dismisses the TPR proceeding or issues a TPR order, and stated that it did not see a provision allowing it to consider whether it remains in the child's best interest to have the injunction in place. The court then issued an order denying the motion, stating in relevant part, "Any post-injunction behavior by the parent or other information … is not relevant and could not be considered by the court. Termination of an injunction under [§] 48.42(1m) can only occur upon either the dismissal or granting of the [TPR] petition."

¶7    Starting in November 2023, a five-day jury trial was held on the fact-finding phase of the TPR petition.[6]  Before the jury was brought in, Susan objected to the circuit court's order refusing to reconsider the injunction and Susan's post-injunction behavior. Susan argued that the court erred in this regard and that its error deprived her of her due process rights.[7]  The court overruled

---

Notwithstanding any other order under [WIS. STAT. §] 48.355(3), the court, subject to par. (e), may grant an injunction prohibiting the respondent from visiting or contacting the child if the court determines that the prohibition would be in the best interests of the child.  An injunction under this subsection is effective according to its terms but may not remain in effect beyond the date the court dismisses the petition for termination of parental rights under [WIS. STAT. §] 48.427(2) or issues an order terminating parental rights under [§] 48.427(3).

[6] A contested TPR proceeding involves a two-step procedure. *Sheboygan Cnty. Dep't of Health & Hum. Servs. v. Julie A.B.*, 2002 WI 95, ¶24, 255 Wis. 2d 170, 648 N.W.2d 402.  The first step is a fact-finding hearing in which a jury or circuit court determines "whether any grounds for the termination of parental rights have been proven."  *Id.*, ¶26; WIS. STAT. § 48.424(3).  The termination proceedings then move to the second step, a dispositional hearing, at which the court must consider the best interests of the child. WIS. STAT. § 48.426(2).

[7] During her objection, Susan clarified that she was raising an objection regarding the circuit court's interpretation of WIS. STAT. § 48.42(1m)(c), rather than directly challenging the constitutionality of the statute.

Susan's objection, again stating that WIS. STAT. § 48.42(1m) does not "contemplate a termination of … an injunction."

¶8 Over the course of the trial, the jury heard from witnesses who testified on behalf of both the County in support of its claim, and on behalf of Susan in support of an opposite finding, regarding the issue of whether Susan had failed to assume parental responsibility. As relevant to this appeal, Tessner testified about the inappropriate conversations that Susan had with Polly, Tessner's attempts to discuss with Susan her concerns about those conversations, and the fact that Tessner requested an injunction prohibiting contact between Susan and Polly in 2022. Susan called witnesses who testified regarding her actions evidencing that that she had assumed and maintained parental responsibility.

¶9 Both at the beginning of the trial and immediately before closing arguments, the circuit court instructed the jury: "In determining whether an incarcerated parent has or does not have a substantial parental relationship with the child, … you may consider the following factors and all other evidence bearing on this issue," which include "requests for visitation with the child and, if permitted, the success and quality of those visits; appropriate efforts to communicate with the child or those responsible for the care and welfare of the child, [and] whether any such efforts were prohibited or impeded by other individuals." *See* WIS JI—CHILDREN 346B (2018). In its closing argument, the County repeated the above portion of the jury instruction and then argued how the jury should apply the instruction when considering the trial testimony received to reach its verdict.

¶10 The jury found that Susan failed to assume parental responsibility for Polly, with two jurors dissenting. The circuit court entered judgment

consistent with the verdict. The TPR then proceeded to the dispositional phase, where the court found that it was in Polly's best interests that Susan's parental rights be terminated. The court therefore entered an order terminating Susan's parental rights to Polly. Susan now appeals.

## DISCUSSION

¶11 Susan argues that the circuit court erroneously exercised its discretion when it continued the injunction prohibiting contact between Susan and Polly without considering the new evidence presented in Susan's motion. Specifically, Susan contends that the court misinterpreted WIS. STAT. § 48.42(1m), as the statute does not prohibit a court from terminating an injunction prior to the completion of TPR proceedings.

¶12 Our review of a circuit court's ruling on a motion for relief under WIS. STAT. § 806.07 generally presents a question of whether the court erroneously exercised its discretion. *DOC v. Kliesmet*, 211 Wis. 2d 254, 259, 564 N.W.2d 742 (1997). However, "[u]nderlying discretionary determinations may be findings of fact and conclusions of law. We review questions of law de novo. We will not overturn findings of fact unless they are clearly erroneous." *Covelli v. Covelli*, 2006 WI App 121, ¶13, 293 Wis. 2d 707, 718 N.W.2d 260 (citation omitted).

¶13 Our review requires us to interpret WIS. STAT. § 48.42(1m). "Statutory interpretation and the application of a statute to specific facts are questions of law." *Garcia v. Mazda Motor of Am., Inc.*, 2004 WI 93, ¶7, 273 Wis. 2d 612, 682 N.W.2d 365. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.'" *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45,

271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). "[S]tatutory language is interpreted in the context in which it is used; not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶46. Further, "[s]tatutory language is read where possible to give reasonable effect to every word, in order to avoid surplusage." *Id.*

¶14 It is undisputed that WIS. STAT. § 48.42(1m) is silent as to whether a circuit court can review an injunction issued under that statute prior to the TPR petition being granted or dismissed. Susan argues that, under a plain reading of the statute, nothing prohibits a court from reconsidering a previously issued injunction or from terminating an injunction before the end of the TPR proceedings.

¶15 Nothing in WIS. STAT. § 48.42(1m), § 48.42 as a whole, or even WIS. STAT. ch. 48 in its entirety, limits a circuit court's power to revisit a previously issued injunction prior to the end of TPR proceedings. The only limitation regarding an injunction's duration is provided in § 48.42(1m)(c), which states, "An injunction under this subsection is *effective according to its terms* but may not remain in effect *beyond the date* the court dismisses the petition for termination of parental rights under [WIS. STAT. §] 48.427(2) or issues an order terminating parental rights under [§] 48.427(3)." (Emphasis added.)

¶16 The County argues that due to the absence of any language expressly permitting the circuit court to revisit an injunction prior to the end of TPR proceedings, this court should conclude that the plain meaning of WIS. STAT. § 48.42(1m)(c) does not permit the circuit court to do so. We disagree.

¶17 The County's interpretation ignores the plain language of WIS. STAT. § 48.42(1m)(c), which states that an injunction "under this subsection is effective according to its terms." In this case, the terms of the injunction, as well as the circuit court's oral ruling when it issued the injunction, expressly invited Susan to "request a review of the injunction." Concluding that the court could not later revisit the injunction would violate the injunction's own terms and, consequently, would ignore the plain meaning of § 48.42(1m)(c). *See Kalal*, 271 Wis. 2d 633, ¶46.

¶18 The legislature clearly knew how to restrict the duration of an injunction issued under WIS. STAT. § 48.42(1m)(c), as it specified that an injunction under that paragraph cannot continue past the dismissal of the TPR petition or an order terminating parental rights. In light of this express language, we conclude that had the legislature intended that the circuit court be unable to revisit or terminate a previously issued injunction, it would have included such language in the statute. *See Kalal*, 271 Wis. 2d 633, ¶44 (assuming that "that the legislature's intent is expressed in the statutory language"). Further, § 48.42(1m)(c) is silent as to whether a court may revisit or end an injunction prior to the TPR proceedings ending. We decline to add words to a statute that the legislature "did not see fit to write." *Dawson v. Town of Jackson*, 2011 WI 77, ¶42, 336 Wis. 2d 318, 801 N.W.2d 316.

¶19 Moreover, a circuit court in a civil case may generally "grant relief from a judgment or order when '[i]t is no longer equitable that the judgment should have prospective application.'" *Kliesmet*, 211 Wis. 2d at 260, (alteration in original; quoting WIS. STAT. § 806.07). The County does not dispute or even address a court's authority under § 806.07.

¶20 Accordingly, we conclude that the circuit court incorrectly interpreted WIS. STAT. § 48.42(1m) when it stated that "[t]ermination of an injunction under [§] 48.42(1m) can only occur upon either the dismissal or granting of the [TPR] petition." Nothing in WIS. STAT. ch. 48 prevents a circuit court from granting relief under WIS. STAT. § 806.07 from an injunction issued under § 48.42(1m). The court's application of an incorrect standard of law to the facts of the case constitutes an erroneous exercise of discretion. *See LeMere v. LeMere*, 2003 WI 67, ¶13, 262 Wis. 2d 426, 663 N.W.2d 789.

*By the Court.*—Order reversed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.