Gary SCHONSCHECK, Plaintiff-Respondent,

v.

PACCAR, INC., d/b/a Kenworth Truck Company,
Defendant-Appellant.†

Court of Appeals

*No. 02–1413. Submitted on briefs January 13, 2003.—Decided
March 4, 2003.*

2003 WI App 79

(Also reported in 661 N.W.2d 476.)

---

† Petition to review denied 5-5-03.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Frank J. Daily, Patrick W. Schmidt, Jeffrey O. Davis* and *Patrick S. Nolan* of *Quarles & Brady, LLP*, Milwaukee.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Mark Romano* of *Consumer Legal Services*, Elm Grove.

A nonparty brief was filed by *James E. Doyle*, attorney general, and *Stephen J. Nicks*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J.   Kenworth Truck Company appeals a judgment finding it in violation of Wisconsin's lemon law, WIS. STAT. § 218.0171.[1] Kenworth argues: (1) Gary Schonscheck's demand failed to satisfy the statutory requirements of the lemon law because it did not specifically indicate what form of relief was demanded; (2) Kenworth is not liable for components that it did not manufacture and that were excluded from its express warranty; and (3) the vehicle did not have a nonconformity that substantially impaired its use or value. We disagree with Kenworth's arguments and affirm the judgment.

## BACKGROUND

¶ 2.   Schonscheck is a self-employed truck driver, driving between Wisconsin and the west coast. He purchased a new 2000 Kenworth truck in February 2000 for $122,500. He received a limited motor vehicle warranty from Kenworth. The truck's engine was protected by a separate warranty issued by Cummins Engine Company.

¶ 3.   Schonscheck claims that on his first trip with the new truck, he felt a vibration through the floorboards and steering wheel after the drive shaft "threw a weight" off the truck. He took the truck to Wisconsin Kenworth in Green Bay in March 2000 to repair the

---

[1] All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

drive shaft, but that did not solve the vibration. Subsequently, both Kenworth and Cummins Engine ran tests on the truck but no one was able to identify the source or cause of the vibration.[2]

¶ 4.  On October 26, 2000, Schonscheck sent a letter to Kenworth demanding that Kenworth either replace or buy back his truck. When Kenworth failed to do so, Schonscheck filed a complaint alleging several theories of liability. All were subsequently dismissed except for the lemon law claim. The complaint stated that the October 26 letter was his statutory demand as required by Wis. Stat. § 218.0171(2)(b).

¶ 5.  Kenworth moved for summary judgment, arguing the demand letter was deficient because: (1) Schonscheck did not offer to transfer title to Kenworth and (2) Schonscheck did not specifically refer to the lemon law in his letter. Kenworth also advanced a general argument that it was unable to tell from Schonsheck's letter what he wanted. The court held the demand was legally sufficient and denied Kenworth's motion. The case was tried to a jury which found that Kenworth violated the lemon law.

¶ 6.  Schonscheck moved for entry of the judgment plus attorney fees and costs. Kenworth filed a motion requesting relief notwithstanding the verdict arguing for the first time that Schonscheck's notice was legally defective because it did not specifically elect a remedy. The court denied Kenworth's motion, concluding that Kenworth waived the notice defense because it did not raise the defense until after trial. The court entered judgment for $232,830 in pecuniary loss, $49,542.50 in attorney fees and $2,581.28 in statutory costs, for a total of $284,953.78. Kenworth appeals.

---

[2] Kenworth does not concede the vibration.

## DISCUSSION

### A. Specification of Remedy

¶ 7. The lemon law gives a purchaser of a new motor vehicle a remedy when the vehicle does not conform to an express warranty and is not repaired by the manufacturer. WISCONSIN STAT. § 218.0171(2)(b) states:

> 1. If after a reasonable attempt to repair the nonconformity is not repaired, the manufacturer shall carry out the requirement under subd. 2. or 3., whichever is appropriate.
>
> 2. At the direction of a consumer described under sub. (1) (b) 1., 2. or 3., do one of the following:
>
> a. Accept return of the motor vehicle and replace the motor vehicle with a comparable new motor vehicle and refund any collateral costs.
>
> b. Accept return of the motor vehicle and refund to the consumer and to any holder of a perfected security interest in the consumer's motor vehicle, as their interest may appear, the full purchase price plus any sales tax, finance charge, amount paid by the consumer at the point of sale and collateral costs, less a reasonable allowance for use.

A violation of the statute occurs if the manufacturer fails to provide the consumer's specified remedy. The consumer may then bring an action for damages against the manufacturer. *See* WIS. STAT. § 218.0171(7).

¶ 8. Kenworth cites *Berends v. Mack Truck*, 2002 WI App 69, 252 Wis. 2d 371, 643 N.W.2d 158, decided after the jury verdict in this case. Kenworth argues that Schonscheck's demand letter did not satisfy the statutory requirements of the lemon law because he failed to

specify whether he wanted a refund or a replacement.[3] In *Berends*, the consumer's demand letter requested that Mack Truck repair the truck or provide either a refund or a replacement of the vehicle. *Id.* at ¶ 2. We determined that the language of the lemon law requires the consumer to specify the remedy desired. *Id.* at ¶ 13. Because the consumer failed to specify whether he wanted a refund or replacement, the demand was deemed defective. *Id.*[4]

¶ 9.    Schonscheck argues, however, that Kenworth cannot now challenge the sufficiency of the demand based on *Berends* because the argument that the statute required Schonscheck to elect one specific remedy was not raised until after trial. Schonscheck notes that Kenworth focused on two arguments in its summary judgment motion, and only made a generalized, indirect reference to Schonscheck's failure to specify a remedy. Therefore, Schonscheck maintains that Kenworth has waived its right to assert the precise *Berends* defense on appeal.

¶ 10.    Generally, we do not consider legal issues which are raised for the first time on appeal. *Hopper v. Madison*, 79 Wis. 2d 120, 137, 256 N.W.2d 139 (1977). However, new arguments may be permitted on an issue that was properly raised in the trial court. *See State v.*

---

[3] Kenworth's summary judgment arguments regarding deficiency of the demand letter are not pursued in this appeal.

[4] We also determined that the third option of repairing the truck was not provided by the statute. We therefore concluded that the demand notice was deficient on two independent grounds. *Berends v. Mack Truck*, 2002 WI App 69, ¶¶ 14–15, 252 Wis. 2d 371, 643 N.W.2d 158. This portion of the holding is not material to our analysis.

*Holland Plastics, Co.*, 111 Wis. 2d 497, 505, 331 N.W.2d 320 (1983) (holding that an additional argument on issues already raised in the trial court does not violate the general rule against raising issues for the first time on appeal). While Kenworth urges us to apply this distinction here to allow it to present its argument based on *Berends*, we decline to do so.

¶ 11.   A fundamental appellate precept is that we "will not . . . blindside trial courts with reversals based on theories which did not originate in their forum." *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995).[5] "[T]he appellant [must] articulate each of its theories to the trial court to preserve its right to appeal." *Id.* at 828–29. Trial courts need not divine issues on a party's behalf. It is therefore unfair and certainly illogical to expect trial courts to discern and resolve every "argument" that could have been but was not raised in resolving an issue. Here, Kenworth argued in its summary judgment motion that Schonscheck's demand was defective, and alluded to its inability to understand what relief Schonscheck sought. However, Kenworth did not claim that WIS. STAT. § 218.0171(2)(b)(2) requires a consumer to expressly choose between a refund or replacement. Whether we designate the "consumer must elect" contention as an argument, an issue, or a theory the trial court was blindsided.

---

[5] Kenworth did raise the *Berends* argument in the trial court in a post-verdict motion. However, it was raised too late to promote "*focused* consideration of particular questions . . . and the avoidance of wasteful proceedings . . . ." Daniel J. Meltzer, *State Court Forfeitures of Federal Rights,* 99 HARV. L. REV. 1128, 1134–35 (1986) (emphasis added). As a practical matter, then, it may as well have been first raised on appeal.

¶ 12. We also note that many judicial resources were devoted to resolving Schonscheck's lemon law claim. A jury heard the evidence and counsels' arguments and arrived at a verdict. To overturn that verdict based on an argument that the trial court was never given an opportunity to address would be an unfortunate waste of judicial resources. We therefore proceed to address the merits of the lemon law's application to the facts of this case.

B. Component Parts

■

¶ 13. Kenworth argues that the lemon law makes manufacturers liable only for conditions that do not conform to an express warranty. Kenworth argues that the unrefuted expert evidence proved that the nonconformity in Schonscheck's truck results from the engine. It was also undisputed that the engine is not covered in Kenworth's express warranty. Therefore, Kenworth concludes the lemon law does not make it liable to Schonscheck.

■

¶ 14. Whether Kenworth is liable for component parts under WIS. STAT. § 218.0171 is a question of statutory interpretation. The construction of a statute is a question of law that we review without deference to the circuit court. *DeMars v. LaPour*, 123 Wis. 2d 366, 370, 366 N.W.2d 891 (1985). We first look to the language of the statute and attempt to interpret it based on "the plain meaning of its terms." *State v. Williquette*, 129 Wis. 2d 239, 248, 385 N.W.2d 145 (1986). Only when statutory language is ambiguous may we examine other construction aids such as legislative history, context, and subject matter. *State v. Waalen*, 130 Wis. 2d 18, 24, 386 N.W.2d 47 (1986).

¶ 15. WISCONSIN STAT. § 218.0171(1)(f) defines nonconformity:

> "Nonconformity" means a condition or defect which substantially impairs the use, value or safety of a motor vehicle, and is covered by an express warranty applicable to the motor vehicle *or to a component of the motor vehicle,* but does not include a condition or defect which is the result of abuse, neglect or unauthorized modification or alteration of the motor vehicle by a consumer. (Emphasis added.)

Further, WIS. STAT. § 218.0171(2)(b) states that:

> If after a reasonable attempt to repair the nonconformity is not repaired, the manufacturer shall carry out the requirement under subd. 2. or 3., whichever is appropriate.

This language unambiguously places liability under the lemon law on the manufacturer, even for component parts.

¶ 16. Kenworth maintains, however, that WIS. STAT. § 218.0171(2)(a) limits responsibility to conditions that do not conform to an express warranty:

> If a new motor vehicle does not conform to an applicable express warranty and the consumer reports the nonconformity to the manufacturer, the motor vehicle lessor or any of the manufacturer's authorized motor vehicle dealers and makes the motor vehicle available for repair before the expiration of the warranty or one year after first delivery of the motor vehicle to a consumer, whichever is sooner, the nonconformity shall be repaired.

However, had the legislature intended to limit the scope of the statute to *manufacturer's* express warranties, it could have done so. It did not.

¶ 17.   Additionally, the statute prohibits waiver of consumers' rights and protections. WISCONSIN STAT. § 218.0171(6). As our supreme court has stated, the lemon law was enacted to provide consumers with remedies beyond the "inadequate, uncertain and expensive remedies of the Uniform Commercial Code or the Magnuson-Moss Warranty Act." *Hughes v. Chrysler Motors Corp.*, 197 Wis. 2d 973, 980–81, 542 N.W.2d 148 (1996). When a manufacturer excludes components from its warranty, it is effectively compelling the consumer to waive the consumer's rights under the lemon law for nonconformities to these parts. A manufacturer cannot simply exclude all major parts from its warranty to avoid lemon law liability. To do so would put consumers back in the area of "inadequate, uncertain and expensive remedies." *Id.* We therefore conclude that the language of the lemon law unambiguously makes Kenworth liable for nonconformities to the Cummins engine even though the engine is not covered in Kenworth's express warranty.

¶ 18.   However, even were we to determine that the statute was ambiguous, the legislative intent behind the statute compels the same result. The lemon law was initially enacted in 1983. At that time, nonconformity was defined as a condition or defect "covered by an express warranty applicable to the motor vehicle . . . ." WIS. STAT. § 218.015(1)(f) (1983–84). In 1985, this language was changed to include a condition or defect "covered by an express warranty applicable to the motor vehicle or to a component of the motor vehicle . . . ." WIS. STAT. § 218.015(1)(f) (1985–86). This remains the language of the statute today. *See* WIS. STAT. § 218.0171(1)(f).

¶ 19. We conclude the change in the statute was intended to expand coverage beyond the vehicle manufacturer's express warranty. No amendment would have been necessary otherwise since the original language only covered defects under the express warranty.

¶ 20. Finally, we note Kenworth contends it is a violation of equal protection to make it liable for unwarranted component parts. Kenworth seems to contend that making it liable leads to unequal treatment because heavy truck manufacturers, who tend to provide more limited warranties, would be liable for components it did not warrant. Consumer manufacturers, on the other hand, who give broader warranties, would remain liable only for products they actually manufacture and warrant. However, Kenworth's precise argument is unclear and confusing. For us to decide this issue, we would first have to develop Kenworth's argument. "We cannot serve as both advocate and judge." *State v. Pettit*, 171 Wis. 2d 627, 647, 492 N.W.2d 633 (Ct. App. 1992). Therefore, because this issue is inadequately briefed, we decline to address it. *See id.* (stating that this court will not address issues on appeal that are inadequately briefed).

C. Nonconformity impairing the vehicle's use or value

¶ 21. Kenworth argues that Schonscheck failed to present evidence that the truck suffered from a nonconformity which substantially impaired its use or

value, as required under Wis. Stat. § 218.0171(1)(f).[6] Consequently, Kenworth maintains that it has no liability under the lemon law.

¶ 22.   The issue of substantial impairment is a mixed question of fact and law. We therefore give weight to the fact finder's decision, although it is not controlling. *Perpignani v. Vonasek*, 139 Wis. 2d 695, 710, 408 N.W.2d 1 (1987).

¶ 23.   Kenworth first argues the vehicle did not suffer from nonconformities that substantially impaired its use. Kenworth maintains that Schonscheck only was able to prove that he did not increase the number of trips he took per year. In support of this, Kenworth notes the testimony of its· expert that Schonschek's use of the truck during the first year was above average for Wisconsin truck drivers. Further, Kenworth argues that it is mere speculation that, but for the service done, Schonscheck would have greater use of this truck than he had with his previous truck.

¶ 24.   Kenworth also argues that Schonscheck failed to show that the vehicle suffered from a nonconformity that substantially impaired its value because he never attempted to sell the truck or have it appraised. Again, Kenworth maintains that any loss in value is mere speculation.

¶ 25.   However, a vehicle can have a nonconformity that triggers lemon law liability even when it can

---

[6] The lemon law can also be triggered by a nonconformity that substantially impairs the safety of the vehicle. However, the parties stipulated that the safety of the truck has not been impaired.

still be driven. *See Chmill v. Friendly Ford-Mercury of Janesville, Inc.*, 144 Wis. 2d 796, 804, 424 N.W.2d 747 (Ct. App. 1988) (finding substantial impairment of use, value or safety even though the vehicle had been driven 78,000 miles with the nonconformity). Although Schonscheck has been able to make twenty-three trips with the truck, the truck has not functioned properly since Schonscheck's first trip. The truck was presented to Kenworth on at least twenty-one different occasions and was out of service for at least forty-nine days. Schonscheck testified that he purchased this truck to increase the number of trips he took per year. He stated that loads were available for him, but he had to turn down three to five loads due to the truck being in the shop. Based on this testimony, the jury could reasonably conclude that the truck's use and value were substantially impaired.

   *By the Court.*—Judgment affirmed.