**COURT OF APPEALS**

**DECISION**

**DATED AND FILED**

**November 7, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP1906-CR**

Cir. Ct. No. **2015CF93**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

MICHAEL A. NIEMAN,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Clark County: JON M. COUNSELL, Judge. *Affirmed*.

¶1 KLOPPENBURG, J.[1] Nieman, acting pro se, appeals a judgment of conviction and an order denying his postconviction motion. In his postconviction

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted. The pertinent statutory language has not changed during the times relevant to Nieman's prosecution.

motion, Nieman raised only one issue, whether the circuit court erroneously exercised its discretion in ordering restitution. Nieman renews his argument on that issue on appeal. As I explain, Nieman's argument fails because the record shows that the court properly exercised its discretion in ordering restitution. Nieman also raises several issues on appeal that he did not raise in the circuit court. Those issues include that the plea agreement did not include restitution, and that his trial and postconviction counsel were ineffective for failing to raise certain issues either at sentencing or as new factors in the postconviction motion. I do not address those issues because they are raised for the first time on appeal. Finally, Nieman argues that his probation was improperly revoked in a prior case, so that the probation ordered in this case should be the only sentence he is serving. That argument fails because it concerns a case different from this one. Accordingly, I affirm.[2]

## BACKGROUND

¶2 The State charged Nieman with felony theft by false representation and unauthorized use of an entity's identifying information or documents. The charges concerned Neiman's having submitted a bid to purchase manganese steel

---

[2] In his brief Nieman asks that we have his appellate matters "fully sealed." The grounds for his request are his claimed work with investigators and the presence of information about his medical conditions. The record shows that Nieman moved this court to seal "the entire proceedings" of his appellate case on March 12, 2019. This court denied the motion to seal, noting that Nieman did not provide a basis to seal the entire record or file of this appeal, and stating that, if Nieman wished to renew his motion to seal the record, "he must identify specific items to be sealed and the legal basis for each item." I do not consider Nieman's most recent request to seal the appellate record because Nieman has failed to "identify specific items to be sealed and the legal basis for each item" as required by this court's prior order.

on behalf of a company without that company's authorization and Neiman's taking the manganese steel without paying for it.

¶3   Nieman was appointed trial counsel.  The State filed an amended information and Nieman pleaded guilty to two counts of misdemeanor theft.  One count of unauthorized use of identifying information was dismissed and read in. Nieman and the State jointly recommended that Nieman's sentence be withheld and instead Nieman be placed on probation for two years, consecutive to an unrelated sentence he was then already serving, with conditions of probation including that Neiman be ordered to make restitution payments.  Nieman, the State, and the circuit court agreed that the restitution amount in this case was $13,279.13.  Counsel and the court also clarified that Nieman could seek to offset any restitution payments he made against a civil judgment ordered in a civil case arising from the same conduct as in this case.  The court followed the joint recommendation in imposing sentence.

¶4   Following sentencing, Nieman's trial counsel filed a notice of intent to seek postconviction relief.  New counsel was appointed to represent Nieman in his postconviction relief.  Nieman filed a postconviction motion asking that the circuit court remove the restitution that it ordered at sentencing.  Nieman argued that the court "ordered restitution under the mistaken belief that it had to do so" and asked the court to exercise its discretion to reduce the restitution amount to zero given the civil judgment entered against Nieman, referenced above.  The court denied the motion, explaining that it had ordered restitution because the mechanics of restitution collection as a direct obligation of probation are more effective; because upon completion of probation Nieman will be eligible to ask the court not to convert any outstanding restitution to a civil judgment in light of the pre-existing civil judgment in the other case; and because Nieman can seek offsets

for any restitution payments he makes against that pre-existing civil judgment. For these reasons, the court ruled that Nieman's concern with double payment was not a substantial reason for the court not to order restitution.

¶5    Nieman filed this pro se appeal.

## DISCUSSION

¶6    On appeal, Nieman "admits he owes [the victim] and is willing to pay and that fact has always remained" and that it is his "full intent to rectify the matter properly … through [the] civil process." His concerns on appeal are with certain aspects of this criminal proceeding. Specifically, Nieman asks that this court reverse the circuit court's restitution order because it was erroneously imposed, and because Nieman did not agree to pay restitution in his plea agreement. Nieman also asks this court to reduce both Nieman's restitution and his probation because his trial and postconviction counsel failed to raise certain issues at sentencing and later as "new factors" in the postconviction motion, respectively. As I now explain, I reject Nieman's arguments in support of his request.

*A. Restitution*

¶7    Nieman argues that the circuit court erroneously ordered restitution because that order, in light of the outstanding civil judgment, results in double payment for the losses to the victim. However, the record refutes this argument.

¶8    When placing a defendant on probation, a sentencing court "shall order the defendant to make full or partial restitution under this section to any victim of a crime considered at sentencing … unless the court finds substantial reason not to do so and states the reason on the record." WIS. STAT. § 973.20(1r).

4

> The determination of the amount of restitution to be ordered (and thus whether a victim's claim should be offset or reduced for any reason) is reviewed under the erroneous exercise of discretion standard. When we review a circuit court's exercise of discretion, we examine the record to determine whether the circuit court logically interpreted the facts, applied the proper legal standard and used a demonstrated, rational process to reach a conclusion that a reasonable judge could reach.

*State v. Longmire*, 2004 WI App 90, ¶16, 272 Wis. 2d 759, 681 N.W.2d 534 (internal citations and emphasis omitted).

¶9    The record as summarized above shows that the circuit court explained the following: (1) its reasons for ordering restitution even in light of the civil judgment; (2) the mechanisms that exist by which Nieman can ensure that the civil judgment is offset by any restitution payments when Nieman completes his sentence; and (3) why, therefore, Nieman's argument against restitution based on the risk of "double-payment" is not a substantial reason for not ordering restitution.[3]    This record demonstrates that the court properly exercised its discretion in ordering restitution.

### B.  Plea Agreement

¶10    Nieman seems also to argue that the circuit court improperly ordered restitution because Nieman did not agree to pay restitution in his plea agreement. However, Nieman fails to develop an argument explaining why this was improper,

---

[3] The amount of restitution paid to a victim in a criminal proceeding may be a setoff against a like amount in the judgment in a companion civil case. *See* WIS. STAT. § 973.20(8); *Olson v. Kaprelian*, 202 Wis. 2d 377, 383, 550 N.W.2d 712 (Ct. App. 1996). The opportunity to set off restitution payments against the civil judgment negates Nieman's suggestion that the restitution order "[s]hocks the [c]onsci[ence]" because it requires him to pay double what he owes the victim.

and I decline to develop one on his behalf. *See State v. Gulrud*, 140 Wis. 2d 721, 730, 412 N.W.2d 139 (Ct. App. 1987) (declining to develop an undeveloped argument for the appellant). Moreover, I also reject whatever argument Nieman means to make on this topic because he forfeited it by failing to raise it before the circuit court (for example, by filing a second postconviction motion). *See Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476 (quoting *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995)) ("A fundamental appellate precept is that we 'will not … blindside [circuit] courts with reversals based on theories which did not originate in their forum.'"); *State Farm Mut. Auto. Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 ("Arguments raised for the first time on appeal are generally deemed forfeited.").

## C. Ineffective Assistance of Counsel

¶11    Nieman alleges that his trial and postconviction counsel were ineffective for failing to raise three issues, namely, his serious medical issues, his assistance to law enforcement, and the nature of his criminal record, either at sentencing or as "new factors" in the postconviction motion respectively.

¶12    However, as with his challenge based on the plea agreement, Nieman's claims that his trial and postconviction counsel provided ineffective assistance at sentencing and in his postconviction motion have been forfeited because Nieman failed to raise the claims before the circuit court.

¶13    Nieman also appears to argue that his postconviction counsel was ineffective for moving to withdraw following the circuit court's denial of Nieman's postconviction motion when potential "appealable issues" remained to be litigated. While this claim, too, has been forfeited because Nieman failed to

raise it in the circuit court, I note that the State responds that the record shows that the court granted the motion to withdraw based on the showing in the motion that Nieman asked counsel to withdraw on more than one occasion, despite being informed of the disadvantages of proceeding pro se. The State argues that Nieman "cannot now claim counsel was ineffective for withdrawing at his request." Because Nieman fails to file a reply brief, I deem him to have conceded that the State's argument is correct. *See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

### *D. Improper Revocation of Probation*

¶14 Nieman argues that his probation was improperly revoked in a prior case, so that the probation ordered in this case should be the only sentence he is serving. I do not address this argument because it concerns a case other than the case on appeal.

### CONCLUSION

¶15 Nieman's challenges to his conviction and the denial of his postconviction motion are rejected for the reasons stated. Accordingly, I affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.