COURT OF APPEALS
DECISION
DATED AND FILED

July 26, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2021AP2131**

**STATE OF WISCONSIN**

Cir. Ct. No. 2020CV826

**IN COURT OF APPEALS
DISTRICT II**

STEPHANIE MUELLER,

    PLAINTIFF-APPELLANT,

  V.

JULIE MASLOWSKI, YOUNG AND MASLOWSKI, LLP AND WISCONSIN LAWYERS MUTUAL INSURANCE COMPANY,

    DEFENDANTS-RESPONDENTS.

        APPEAL from an order of the circuit court for Winnebago County: SCOTT C. WOLDT, Judge. *Affirmed*.

        Before Gundrum, P.J., Neubauer and Grogan, JJ.

        **Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Stephanie Mueller appeals an order dismissing her legal malpractice claims against her former attorney Julie Maslowski, the law firm Young and Maslowski, LLP, and Wisconsin Lawyers Mutual Insurance Company (collectively, "Maslowski").   In the underlying action, Mueller, as a beneficiary, unsuccessfully sued the trustee of two trusts, alleging breaches of various fiduciary duties.   The circuit court dismissed her claims for procedural reasons and on their merits.   On appeal, we concluded three of Mueller's claims were properly dismissed as time-barred.

¶2     Mueller then commenced the present action against Maslowski for legal malpractice as to the time-barred claims.   To prove legal malpractice, Mueller would have had to demonstrate that she would have prevailed on those claims had they been timely filed.   Maslowski sought summary judgment, which the circuit court granted based on its determination that Mueller was foreclosed by issue preclusion from relitigating the underlying claims.

¶3     The issue on appeal is whether the circuit court correctly determined that the earlier dismissal of Mueller's claims should be given preclusive effect. Citing a comment to § 27 of the Restatement (Second) of Judgments, Mueller contends it should not.   She reasons that issue preclusion does not apply because we decided her earlier appeal only on statute-of-limitations grounds.

¶4     But our earlier opinion also affirmed the circuit court's discretionary decision to award a significant amount of attorneys' fees.   That award was based on its determination that Mueller's claims were factually unsupported—a determination that would be called into question if Mueller was successful in the present lawsuit.   Accordingly, assuming without deciding that the Restatement

comment is a correct statement of Wisconsin law, we conclude the circuit court in the present case properly applied issue preclusion. We affirm.

## BACKGROUND

¶5 Our prior decision sets forth many of the background facts, which we need not repeat here. *See Mueller v. Krohn*, No. 2018AP25, unpublished slip op. (WI App July 17, 2019) (hereinafter, *Mueller I*). Krohn is the trustee of two trusts under which Mueller is a beneficiary. In the earlier action, Mueller filed a petition for judicial intervention seeking damages and removal of Krohn as trustee based on various alleged breaches of fiduciary duties.[1] Krohn and the UW Foundation filed motions for summary judgment.

¶6 The circuit court[2] dismissed all of Mueller's claims, concluding the trustee's actions were consistent with the establishing documents and were proper exercises of the trustee's discretion concerning the administration of the trusts. In its oral decision, the court concluded that there was "no question" that Mueller had failed to put forth evidence demonstrating a breach of fiduciary duties by the trustee. The court continued:

> I think this case has been replete with meritless, baseless, and unfounded litigation throughout. I don't find anything that remotely borders on … suggest[ing] that … Krohn hasn't [sic] done anything other than an exemplary job as Trustee of these Trusts, exercising the discretion that [the settlor] wanted her to exercise consistent with the terms and understanding of these Trusts. I don't find anything.

---

[1] The University of Wisconsin Foundation ("UW Foundation"), also a beneficiary, was named as a respondent along with Krohn.

[2] The Honorable Richard J. Nuss presided over the underlying proceedings.

¶7      The court addressed Mueller's arguments to the contrary, finding her claims wholly lacking any credible evidence to support them. The court determined that the evidence Mueller had presented "would [not] remotely draw anybody of minimal intelligence to conclude" that there had been a breach of fiduciary duty. It declined in its oral decision to address the specifics of every claim Mueller had raised; rather, it stated it was adopting the law and argument contained in Krohn's and the UW Foundation's summary judgment briefing.

¶8      Finally, the court commented upon the "inordinate expense" incurred by Krohn and the UW Foundation in defending Mueller's frivolous claims. It reiterated that it regarded Mueller's claims as "baseless, meritless, and unfounded" and that the evidence gave rise to no other conclusion than that Krohn had acted within the bounds of her discretion as trustee. The court therefore ordered that Krohn and the UW Foundation be awarded reasonable attorneys' fees out of the trust income, which would otherwise have been directed to Mueller. The attorneys' fees and expenses amounted to more than $324,000.

¶9      We affirmed in the ensuing appeal. Our opinion broke down the summary judgment proceedings at the claim level, and we concluded three of Mueller's claims were properly dismissed as time-barred under the applicable statute of limitations.[3] *Mueller I*, ¶¶21-26. Our opinion also addressed Mueller's assertion that the circuit court erroneously exercised its discretion by awarding Krohn and the UW Foundation attorneys' fees. We concluded that determination

---

[3] We also rejected on its merits the claim that Krohn had breached her fiduciary duties by entering into certain farming contracts. *Mueller I*, ¶27 n.3. Thus, in addition to the rationale set forth in the remainder of this opinion, that particular claim is foreclosed by issue preclusion because our decision specifically reached a determination on the merits.

was supported by a logical rationale and was consistent with, and supported by, the facts of record. *Id.*, ¶¶28-30. The Wisconsin Supreme Court denied a petition for review.

¶10 Mueller then filed the present action against Maslowski, asserting that Maslowski had breached the legal services contract and committed legal malpractice by failing to file the three underlying claims within the one-year limitations period. Maslowski sought summary judgment, asserting in part that Mueller's claims had been litigated on their merits to a final judgment in the earlier proceedings and were therefore barred by issue preclusion. Following a hearing, the circuit court agreed with Maslowski, remarking that the circuit court in the underlying action was "saying in the strongest terms possible that this is in essence a frivolous case and there's nothing you can prove and you have had your day in court and that is why he did what he did with respect to attorney fees in this case clearly." Mueller now appeals.

## DISCUSSION

¶11 Determining whether issue preclusion applies is a two-step process. First, the court must determine "whether the issue or fact was actually litigated and determined in the prior proceeding by a valid judgment in a previous action and whether the determination was essential to the judgment." *Estate of Rille v. Physicians Ins. Co.*, 2007 WI 36, ¶37, 300 Wis. 2d 1, 728 N.W.2d 693. This presents a question of law, which this court reviews de novo. *Id.*

¶12 Second, the court must determine whether applying issue preclusion comports with principles of fundamental fairness. *Id.*, ¶38. A nonexclusive list of five factors aids circuit courts in this determination. *Id.* We review a circuit court's determination on the second prong for an erroneous exercise of discretion.

*Id.* We will affirm if the court applied the proper standard of law and, using a demonstrated rational process, reached a reasonable conclusion. *Id.*, ¶39.

¶13 "Issue preclusion analysis requires us to identify the issue decided in the prior proceeding and to compare it with the allegedly precluded issue." ***Portage Cnty. Bank v. Deist***, 159 Wis. 2d 793, 799, 464 N.W.2d 856 (Ct. App. 1990). Because a legal malpractice claim is a "suit within a suit," ***Helmbrecht v. St. Paul Ins. Co.***, 122 Wis. 2d 94, 103, 362 N.W.2d 118 (1985), the operative analysis here focuses on whether the three claims dismissed on statute-of-limitations grounds would have succeeded but for Maslowski's allegedly untimely filing.

¶14 Mueller generally acknowledges that the circuit court in ***Mueller I*** dismissed the relevant claims both on statute-of-limitations grounds and on their merits. Mueller argues that this dual ruling is of no moment, however, because this court in ***Mueller I*** only addressed whether the three claims at issue were time-barred.[4] Accordingly, she contends that a comment to the Restatement (Second) of Judgments applies here and counsels against the application of issue preclusion: "If the appellate court upholds one of [the circuit court's alternative] determinations as sufficient and refuses to consider whether or not the other is sufficient and accordingly affirms the judgment, the judgment is conclusive as to the first determination." RESTATEMENT (SECOND) OF JUDGMENTS § 27 cmt. o (AM. L. INST. 1982).

---

[4] Maslowski, emphasizing the section headings in our opinion, argues that our decision also reached the merits of Mueller's claims. For purposes of this opinion, and except as set forth in footnote 3, we assume without deciding that our opinion was limited to addressing the dismissal of the relevant claims on statute-of-limitations grounds.

¶15 Even if that comment o. is a controlling statement of the law in Wisconsin, we nonetheless conclude issue preclusion was appropriate here. Though we arguably declined to reach the merits of the relevant breach claims in *Mueller I* (preferring to resolve those matters on statute-of-limitations grounds), we also affirmed the circuit court's discretionary decision to award attorneys' fees to Krohn and the UW Foundation. As set forth above, that fee award was directly tied to the determination in the earlier action that Mueller's claims were legally meritless based on a complete lack of evidence to support them. In upholding the fee award, we commented upon the "logical rationale" employed by the circuit court, which encompassed the court's reasoning that the fees were warranted because Krohn and the UW Foundation had devoted significant resources to responding to Mueller's factually dubious claims.

¶16 Our opinion in *Mueller I* is therefore properly read as reaching the legal merits of Mueller's claims, and the circuit court here appropriately gave the earlier judgment preclusive effect. As set forth above, the merits of Mueller's claims were actually litigated and determined in the prior proceeding by a valid judgment, and that determination was essential to the judgment. Put another way, we would not have affirmed the attorneys' fees award if the circuit court in *Mueller I* had incorrectly determined that Mueller's claims were unsupported by the evidence of record.

¶17 Mueller also argues the circuit court here omitted the second step of the issue preclusion analysis entirely and therefore failed to apply the correct legal standard. We disagree. While the circuit court's articulated reasoning could certainly have been more robust, we will search the record for reasons to sustain the court's exercise of discretion. *See Lofthus v. Lofthus*, 2004 WI App 65, ¶21, 270 Wis. 2d 515, 678 N.W.2d 393.

7

¶18    Thus, the state of the record that comes to us is an important factor to consider when determining whether the circuit court erroneously exercised its discretion.  We note that only Maslowski's summary judgment briefing set forth an analysis based on all the relevant public policy factors.  Mueller's responsive argument—approximately one page—explicitly abandoned any argument based on the first four factors and focused exclusively on the last factor:  whether there were matters of public policy and individual circumstances involved that would render fundamentally unfair the application of collateral estoppel, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action.  *See Estate of Rille*, 300 Wis. 2d 1, ¶61.  Mueller's only argument on that point was essentially that applying issue preclusion under the circumstances here deprived a legal malpractice plaintiff of the opportunity to demonstrate causation.

¶19    By advancing only this specific argument, Mueller tacitly collapsed the fundamental fairness inquiry into the first step of the analysis—whether issue preclusion could be applied as a matter of law.  Her own briefing acknowledged that her fundamental fairness argument was built on an assumption that we have rejected above—that issue preclusion was being applied "to claims which were prevented from being heard on the merits in prior litigation."  As set forth above, Mueller's claims *were* heard on their merits; the circuit court deemed them entirely lacking an evidentiary basis, and we concluded in *Mueller I* that that was a reasonable rationale upon which to award significant attorneys' fees.

¶20    We further note that, at the summary judgment hearing in this case, no party further addressed fundamental fairness or the five *Estate of Rille* factors.  Rather, the argument was directed entirely to whether issue preclusion could be applied as a matter of law considering this court's decision in *Mueller I*.

¶21 Based on the foregoing, we reach several conclusions. First, the summary judgment hearing transcript shows the circuit court was very familiar with the parties' summary judgment briefing. We have no trouble concluding that under these circumstances it made an implied ruling that the application of issue preclusion comported with fundamental fairness. *See **Gittel v. Abram***, 2002 WI App 113, ¶49, 255 Wis. 2d 767, 649 N.W.2d 661 ("[W]hen a court does not adequately explain a discretionary decision, we may review the record to determine whether the record supports the trial court's decision.").

¶22 Second, and relatedly, to the extent that Mueller now argues the circuit court's rationale was inadequate, we conclude she failed to raise the fundamental fairness issue with sufficient prominence to alert the court that more explanation was required. *See **Bilda v. Milwaukee Cnty.***, 2006 WI App 159, ¶46, 295 Wis. 2d 673, 722 N.W.2d 116 (noting that a litigant must raise an issue with sufficient prominence such that the circuit court understands it is being called upon to make a ruling).

¶23 Third, and finally, a reversal under these circumstances would be unfair to the circuit court. Mueller brazenly declares that "had the circuit court conducted the required analysis, it would have necessarily concluded that issue preclusion was inappropriate." Yet only now on appeal does Mueller attempt to flesh out her fundamental fairness argument by addressing all of the relevant *Estate of Rille* factors. It is well-established that arguments not made to the circuit court will not be considered for the first time on appeal. *State v. Holland Plastics Co.*, 111 Wis. 2d 497, 504, 331 N.W.2d 320 (1983); *see also Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476 (holding that a fundamental appellate precept is that we will not

9

blindside circuit courts with reversals based on theories that did not originate in their forum).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5 (2021-22).