**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 27, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2023AP758
2023AP759
2023AP760
2023AP761
2023AP762**

Cir. Ct. Nos. **2022JC67
2022JC68
2022JC69
2022JC70
2022JC71**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

NO. **2023AP758**

IN THE MATTER OF THE FINDING OF CONTEMPT IN
IN THE INTEREST OF B. J. C., A PERSON UNDER THE AGE OF 18:

SARAH YACOUB,

    APPELLANT,

  V.

ST. CROIX COUNTY,

    RESPONDENT,

STATE OF WISCONSIN,

    OTHER PARTY-RESPONDENT.

---

**No. 2023AP759**

**IN THE MATTER OF THE FINDING OF CONTEMPT IN
IN THE INTEREST OF D. E. C., A PERSON UNDER THE AGE OF 18:**

**SARAH YACOUB,**

    **APPELLANT,**

  **V.**

**ST. CROIX COUNTY,**

    **RESPONDENT,**

**STATE OF WISCONSIN,**

    **OTHER PARTY-RESPONDENT.**

---

**No. 2023AP760**

**IN THE MATTER OF THE FINDING OF CONTEMPT IN
IN THE INTEREST OF V. E. C., A PERSON UNDER THE AGE OF 18:**

**SARAH YACOUB,**

    **APPELLANT,**

  **V.**

**ST. CROIX COUNTY,**

    **RESPONDENT,**

**STATE OF WISCONSIN,**

    **OTHER PARTY-RESPONDENT.**

---

No. 2023AP761

IN THE MATTER OF THE FINDING OF CONTEMPT IN
IN THE INTEREST OF L. R. C., A PERSON UNDER THE AGE OF 18:

SARAH YACOUB,

APPELLANT,

V.

ST. CROIX COUNTY,

RESPONDENT,

STATE OF WISCONSIN,

OTHER PARTY-RESPONDENT.

No. 2023AP762

IN THE MATTER OF THE FINDING OF CONTEMPT IN
IN THE INTEREST OF A. D. C., A PERSON UNDER THE AGE OF 18:

SARAH YACOUB,

APPELLANT,

V.

ST. CROIX COUNTY,

RESPONDENT,

STATE OF WISCONSIN,

OTHER PARTY-RESPONDENT.

APPEALS from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

¶1 GILL, J.[1] In these consolidated appeals, Attorney Sarah Yacoub appeals from a judgment requiring her to pay $4,663.03 in costs and attorney fees as a remedial sanction, after the circuit court found her in contempt, pursuant to WIS. STAT. chs. 48 and 785, for intentionally disclosing confidential information from five child in need of protection or services (CHIPS) cases. For the following reasons, we affirm.

## BACKGROUND

¶2 In August 2022, Sally[2] and Fred jointly signed petitions for protection or services under WIS. STAT. ch. 48 for each of their five children. Yacoub represented Sally in each CHIPS case. The circuit court awarded Sally and Fred shared physical placement of the children in October 2022. In early December 2022, the St. Croix County Department of Family Services filed a notice of change in placement and, shortly thereafter, removed Sally's children from her care and custody. The children were placed with Fred.

¶3 On December 16, 2022, Attorney Yacoub filed, on behalf of Sally, a complaint and request for injunctive relief in federal court against St. Croix County, three St. Croix County employees, and the guardian ad litem (GAL)

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2)(h) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version.

[2] For ease of reading, we refer to the parties involved in the underlying confidential CHIPS proceedings using pseudonyms, rather than their initials.

4

appointed in the five CHIPS cases. The complaint alleged that the children were unlawfully removed from Sally's home and placed with their father, who, prior to the children's removal, abused them and sexually assaulted and abused Sally. Yacoub disclosed in the complaint that there were open CHIPS cases involving the five children (without naming the children), disclosed confidential information about the children, and disclosed detailed information related to the CHIPS proceedings.

¶4 On January 3, 2023, Attorney Yacoub sent an email with an attachment to 19 members of the St. Croix County Board of Supervisors and the president of the St. Croix County Court Appointed Special Advocate program, outlining Sally's complaints regarding a social worker involved with the removal of her children and their placement with Fred. The email and accompanying attachment identified the parties to the CHIPS cases, including some of the names of the children, and provided specific details related to the children and documents filed in the CHIPS cases.

¶5 Afterward, a St. Croix County deputy district attorney and an attorney for the three youngest children filed separate motions for contempt against Yacoub, pursuant to WIS. STAT. § 48.299(1)(b) and WIS. STAT. ch. 785, based on her disclosure of confidential information in the email and the federal lawsuit.[3] The attorney for the three children requested that Yacoub pay the actual costs incurred by St. Croix County to purge all records of Yacoub's email, pay

---

[3] St. Croix County's corporation counsel, on behalf of the St. Croix County Department of Health and Human Services—Children Services, submitted a brief in support of the State's motion for contempt.

reasonable attorney fees "incurred by St. Croix County in the appointment of counsel to represent these children," and forfeit $5,000 "by reason of her intentional disclosure of confidential information." Yacoub moved to dismiss both contempt motions.

¶6 The circuit court held an evidentiary hearing on January 20, 2023, to address the parties' motions.[4] In an 83-page decision and order, the court found Yacoub in contempt and issued remedial sanctions. In particular, the court found that Yacoub's email and the federal lawsuit divulged confidential information about the family and the CHIPS cases, in violation of WIS. STAT. § 48.299(1)(b). Moreover, the court rejected Yacoub's arguments that WIS. STAT. § 48.981(7)(a) is an exception to § 48.299(1)(b), that it allows the disclosure of confidential information, and that it contains an exception for good faith actions. The court explained that § 48.299(1)(b) provides only two exceptions, WIS. STAT. §§ 48.375(7) and 48.396, and that § 48.981(7)(a) is limited to "[r]eports and records" "made under" that "section."

¶7 In addition, the circuit court found that Yacoub's disclosure of the confidential records in both her email and the federal lawsuit was intentional. *See* WIS. STAT. § 785.01(1)(b). According to the court, Yacoub filed the federal lawsuit to advance Sally's interests because Sally was at "odds with the county's social workers and the former GAL for the children. By intentionally breaching the confidentiality, Atty. Yacoub resisted the authority of the Court to maintain

---

[4] The transcript of the January 20, 2023 hearing is not in the record.

confidentiality of these proceedings in furtherance of advancing the best interests of the children."

¶8      Given the foregoing, the circuit court ordered several remedial sanctions against Yacoub: (1) removal of Yacoub as Sally's attorney; (2) payment of reasonable attorney fees incurred by St. Croix County "for the work performed" by the three youngest children's attorney "with regard to" the motions for contempt; (3) payment of actual costs incurred by St. Croix County to "purge all records of the email dissemination related to these proceedings"; and (4) payment of attorney fees incurred by St. Croix County for the appointment of counsel if Sally submits "an application for the appointment of counsel" and is approved. The court later entered a final judgment requiring Yacoub to pay $4,663.03 for the attorney fees and costs.

¶9      Yacoub now appeals.[5]

## DISCUSSION

### I.  We need not address several issues raised by Yacoub on appeal.

¶10      Before turning to the merits of the substantive issues before this court, we address three sets of arguments raised by Yacoub that we ultimately

---

[5] We pause here to note that Yacoub cites to three unpublished opinions in her brief-in-chief. While each case is authored by one judge, one of the cases was issued before July 1, 2009, *see* WIS. STAT. RULE 809.23(3)(a), and Yacoub failed to file and serve copies of the two other opinions with her brief, *see* RULE 809.23(3)(c), or otherwise indicate that the opinions are unpublished. As a high-volume appellate court, we expect briefing by an attorney to follow the basic Rules of Appellate Procedure. We caution Yacoub that future violations of the Rules of Appellate Procedure may result in sanctions. *See* WIS. STAT. RULE 809.83(2).

7

need not adjudicate. To begin, Yacoub argues on appeal, for the first time in this case, that the State was not aggrieved by the confidential disclosures and, therefore, lacked standing to bring its contempt motion against her. She also asserts that St. Croix County is not entitled to receive payment as a sanction because it lacks standing.[6] Because Yacoub raised these issues for the first time on appeal, we conclude that she has forfeited a challenge to any of the parties' standing, and we decline to address these issues further. *See Schonscheck v. Paccar, Inc.*, 2003 WI App 79, ¶11, 261 Wis. 2d 769, 661 N.W.2d 476 ("A fundamental appellate precept is that we 'will not … blindside trial courts with reversals based on theories which did not originate in their forum.'" (citation omitted)).

¶11 Next, Yacoub argues that the circuit court erred by finding her in contempt because several exceptions to WIS. STAT. § 48.299 applied to her confidential disclosures in the email and in the federal lawsuit. The State replies by asserting that, pursuant to WIS. STAT. § 48.981 and the holdings in *State ex rel. Herget v. Circuit Court of Waukesha County*, 84 Wis. 2d 435, 267 N.W.2d 309 (1978), and *State v. Bellows*, 218 Wis. 2d 614, 582 N.W.2d 53 (Ct. App. 1998), no exceptions in § 48.299 applied to the disclosures. Yacoub never addresses these arguments or authorities, either in her brief-in-chief or her reply brief, despite the State raising them in the circuit court and on appeal. Accordingly, we deem these arguments conceded and do not address the potential exceptions further.

---

[6] Yacoub does not argue that the three youngest children, whose attorney also filed a motion for contempt, lacked standing.

*See **United Coop. v. Frontier FS Coop.***, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578.

¶12 Yacoub further contends that the circuit court erred by finding that she intentionally violated WIS. STAT. § 48.299(1)(b). She argues only the following in support of this position:

> The circuit court asserted no evidentiary basis upon which to conclude that [she] intentionally violated state law, instead presenting circular logic that she intentionally violated state law. In this case, the circuit court filings of Attorney Yacoub which are not before the Court make clear the good faith reliance on statutory authority for her confidential disclosures.

¶13 We deem Yacoub's argument that the circuit court erred in this respect as undeveloped. Yacoub cites no factual basis to support her position that she relied in good faith on any statutory authority or attempted to comply with WIS. STAT. § 48.299(1)(b), and we will not develop an argument on her behalf. *See **State v. Pettit***, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (declining to address undeveloped arguments). The circuit court found that Yacoub, as an attorney, "is presumed to know the law, including the confidentiality requirements" contained in WIS. STAT. ch. 48. Absent citation to factual evidence to the contrary, we affirm the court's finding.

**II. The circuit court did not err by issuing remedial sanctions.**

¶14 Turning to the merits of the remaining issues, Yacoub raises several arguments related to the circuit court's remedial sanctions against her, and we address each in turn.

9

> A. *Yacoub's violations of* WIS. STAT. *§ 48.299(1)(b) constituted continuing contempt.*

¶15    First, Yacoub argues that the circuit court had no lawful basis to impose remedial sanctions because "there was no continuing contempt" of court. She also asserts that the sanctions were punitive in nature because the court failed to afford her the "opportunity to purge" the contempt.

¶16    WISCONSIN STAT. § 785.02 provides that a court of record "may impose a remedial or punitive sanction for contempt of court under this chapter." A punitive sanction is "a sanction imposed to punish a past contempt of court for the purpose of upholding the authority of the court." WIS. STAT. § 785.01(2). Conversely, a remedial sanction is "a sanction imposed for the purpose of terminating a continuing contempt of court." Sec. 785.01(3). WISCONSIN STAT. § 785.04 lists the sanctions available to a court of record.

¶17    We must interpret and apply statutes to determine whether the circuit court had the statutory authority to employ remedial sanctions under these circumstances. *See* ***Frisch v. Henrichs***, 2007 WI 102, ¶29, 304 Wis. 2d 1, 736 N.W.2d 85. Statutory interpretation and application present issues of law that we review de novo. ***Id.***

¶18    In support of her position that the disclosure of confidential information was not a continuing contempt of court, Yacoub contends that she "recalled the confidential email the same day it was sent, … none of the recipients opened the attachment, … the body of the email contained no confidential information, and … only one [Board member] read the body of the email." Yacoub's factual assertions appear to be based on testimony from the January 20,

10

2023 hearing, but, as noted above, the transcript of that hearing is not in the record before this court. We therefore assume that the missing transcript supports the circuit court's ruling. *See Fiumefreddo v. McLean*, 174 Wis. 2d 10, 27, 496 N.W.2d 226 (Ct. App. 1993) ("[W]hen an appellate record is incomplete in connection with an issue raised by the appellant, we must assume that the missing material supports the trial court's ruling.").

¶19 Regardless, we disagree with Yacoub's claim that there was no continuing contempt of court when the circuit court issued the remedial sanctions. As the circuit court noted below, Yacoub cited no authority for the proposition that a "purported recall of the e-mail changes the fact that confidential information … was divulged." Nor does Yacoub cite such authority on appeal. Additionally, Yacoub fails to cite any evidence in the record that when she recalled the email, the confidential information somehow disappeared from St. Croix County's records or the records of anyone else to whom the email was sent. In fact, the court ordered that Yacoub pay the actual costs incurred by St. Croix County to purge all records of the email. Yacoub does not seriously dispute that such records existed even after she allegedly recalled the email. Furthermore, Yacoub does not allege that the disclosure of confidential information in the federal lawsuit was not ongoing. Therefore, Yacoub's contempt of court was ongoing, and the court's sanctions were consistent with the principal objective of remedial sanctions, which is to "force the contemnor into compliance." *See Christensen v. Sullivan*, 2009 WI 87, ¶55, 320 Wis. 2d 76, 768 N.W.2d 798.

¶20     We further disagree with Yacoub that the circuit court erred by failing to afford her the "opportunity to purge" the contempt. WISCONSIN STAT. ch. 785 "has been consistently interpreted to allow the circuit court to establish an alternate purge condition to purge a party's contempt." *Frisch*, 304 Wis. 2d 1, ¶60. "An alternative 'purge condition' may be the sanction authorized under WIS. STAT. § 785.04(1)(a) or (e) …." *Id.* (citation omitted). "[W]hen dealing with payment to compensate a party for a loss suffered as a result of contempt, it is possible for there to be a purge condition without a sanction or, in the alternative, for the purge condition to be the same as the sanction." *Id.*, ¶63.

¶21     The State analyzes each remedial sanction in its brief, arguing and explaining how each sanction is consistent with WIS. STAT. ch. 785 and *Frisch*. Yacoub never addresses these arguments, and we deem them conceded. *See United Coop.*, 304 Wis. 2d 750, ¶39.

    *B. Yacoub was not denied due process of law.*

¶22     Lastly, Yacoub contends that the circuit court failed to afford her "any opportunity to participate in its determination of monies ordered paid, leaving [her] no due process opportunity to argue the factual findings or conclusions of law as it relates to the monetary sanctions."

¶23     Again, we reject Yacoub's arguments, which appear to be premised on her contention that the sanctions were punitive in nature. As we have explained, the circuit court issued remedial sanctions, not punitive sanctions. Yacoub fails to explain how the parties or the circuit court failed to comply with the remedial sanction procedures set forth in WIS. STAT. § 785.03(1)(a). The State and the attorney for the three youngest children filed motions for contempt in the

CHIPS proceedings, and the court, after notice and an evidentiary hearing, imposed remedial sanctions authorized by statute based on detailed findings. *See id.*; ***Evans v. Luebke***, 2003 WI App 207, ¶24, 267 Wis. 2d 596, 671 N.W.2d 304. These procedures complied with due process.

    *By the Court.*—Judgment affirmed.

    This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.